IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. A-05-CR-103(3) LY |
| | § | |
| JOEL GUERRERO, JR. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO:     THE HONORABLE LEE YEAKEL
        UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. The Court conducted a hearing on January 28, 2014, and heard arguments from all of the parties with regard to the U.S. Probation Office's Petition seeking to revoke the Defendant's term of supervised release.

I.  PROCEDURAL BACKGROUND

On December 5, 2005, Joel Guerrero was sentenced to 92 months imprisonment, followed by three years of supervised release, for possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1). Guerrero commenced his supervision on May 13, 2010. On December 8, 2011, Guerrero had his term of supervision revoked by the Court due to cocaine use, and was sentenced to 60 days in custody, with two years of supervised release to follow. Dkt. No. 746. He recommenced supervision on January 27, 2012.

On his second term, Guerrero did well initially. He participated in substance abuse treatment successfully, and was employed. However, in the early morning hours of July 5, 2013, Guerrero

was arrested for driving while intoxicated. The offense report indicates that after witnessing Guerrero driving erratically on IH-35, Buda police officers activated their patrol lights and Guerrero failed to stop, leading the officers on a chase from Buda, north on IH-35 to SH 130, Hwy 71, and eventually onto FM 973 and into a driveway of a trailer park. During the chase Guerrero's vehicle exceeded 100 mph at times, and continued to drive for miles even after his tires were spiked and he lost the tires of three of his rims. When he exited his truck, he pushed officers and ran, requiring that officers Tase him to take him into custody. Because Guerrero had two prior DWI convictions, he was charged with a felony DWI, evading arrest, and resisting arrest. Ultimately, on October 17, 2013, Guerrero pled guilty to felony DWI and evading arrest with a motor vehicle, and was sentenced to seven years in the Texas Department of Corrections Institutional Division.

Based on the arrest, on July 18, 2013, the Probation Office filed its Petition, and the undersigned ordered the issuance of a warrant. Guerrero remained in state custody until he was transferred to federal custody pursuant to a writ of habeas corpus on January 17, 2014.

On January 28, 2014, Guerrero and his attorney appeared before the undersigned Magistrate Judge for a hearing on the Petition. On the same date, the Defendant and his attorney signed a Consent to Allocution Before United States Magistrate Judge. Pursuant to 28 U.S.C. Section 636(a) and 18 U.S.C. § 3401(i), this Court held a Supervised Release Revocation Hearing, at which time the Defendant pleaded "True" to the allegations of petition.

## II. FINDINGS OF THE COURT

1. The Defendant was competent to stand trial on the charges against him, and had both a factual as well as a rational understanding of the proceedings against him.

2.	The Defendant does not suffer from any physical or mental impairment that would affect his ability to fully understand the charge against him or the consequences of his plea.

3.	The Defendant received a copy of the Petition naming him, and he read it.

4.	The Defendant understood the Petition and the charges against him and had the opportunity to discuss the Petition and charges with his attorney.

5.	The Defendant waived his preliminary hearing.

6.	The Defendant voluntarily gave consent to allocute before a U.S. Magistrate Judge.

7.	The Defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing, and waived that right.

8.	The Government gave a summary of the evidence against the Defendant.

9.	The plea of true was freely, intelligently, and voluntarily made by the Defendant.

10.	The Defendant understood all of his statutory and constitutional rights.

11.	The Defendant violated conditions of his supervised release by (1) committing two new criminal offenses (evading arrest with a motor vehicle, and DWI, Third); (2) by consuming alcohol; and (3) by consuming alcohol to excess.

### III.  RECOMMENDATIONS

The Court has carefully considered all of the arguments and the evidence presented by the Government and the Defendant and RECOMMENDS, based on the original offense and the intervening conduct of the Defendant, that the Defendant's supervised release be REVOKED. The Court has taken into account the policy statements in Chapter Seven of the Sentencing Guidelines. The most serious violation is a Grade B, and the Defendant's criminal history category was a V, resulting in an (advisory) guideline range of 18-24 months of imprisonment. Having considered all

of the above, the undersigned RECOMMENDS that the Defendant be sentenced to 14 months of imprisonment, to be served consecutive to the sentences imposed in the 22nd Judicial District Court of Hays County Texas in Cause Numbers CR-13-0689 and CR-13-0627, with no supervised release to follow.

### IV. OBJECTIONS

In writing following the Court stating on the record its recommendation in this case, the parties waived the fourteen day period in which they may file of objections to this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglas v. United Services' Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).  Accordingly, there will be no objections to this Report and Recommendation, and the matter is ripe for the District Court to act upon it.

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 28th day of January, 2014.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE